IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, JOSEPH MANN, TOBY KOTH and GORDON ANDERSON as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> IBARRAS CEMENT CO., INC., and LEONARDO IBARRA, individually and d/b/a IBARRAS CEMENT CO., INC., <br><br> Defendants. | Case No.: 05 C 6585 <br><br> Judge: Hibbler |

## MOTION FOR ENTRY OF THIRD SUPPLEMENTAL JUDGMENT

Plaintiffs, MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, JOSEPH MANN, TOBY KOTH and GORDON ANDERSON as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, and in support of their Motion for Entry of Third Supplemental Judgment Order, state as follows:

1. This matter was brought before this Court on the Funds' claim against Defendants,

IBARRAS CEMENT CO., INC.'s and LEONARDO IBARRA's, individually and doing business as IBARRAS CEMENT CO., INC., for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. § 1145 and for delinquent union dues and industry fund contributions enforceable under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2. The Funds filed a complaint on November 18, 2005, requesting that (1) Defendant Company pay to Plaintiffs all delinquent contributions and unpaid dues to date, all accrued delinquencies after the filing of this suit, interest, liquidated damages and reasonable attorneys' fees and court cost; (2) Defendant Company file with the Funds monthly contribution reports listing the employees, hours worked and contributions due to each Fund and the Affiliated Organizations; and (3) for such other legal and equitable relief as the Court deems just and proper.

3. On March 20, 2006, this Court entered an Agreed Judgment Order ("Judgment Order") reflecting the parties agreement that, Judgment be entered against the Defendants, jointly and severally, in the amount of $222,608.50 ("Judgment Amounts") for contribution delinquencies for the period of July 2005 through December 2005 as well as attorneys fees and costs, and that, notwithstanding, the Funds would accept payment of $207,013.72 ("Settlement Amounts") to be paid in equal monthly installments or the Funds would take action to enforce collection of the full Judgment amount.

4. Defendants violated the terms of the Judgment by failing to timely remit their installments and to remain current for the period of April 2006 through June 2006, and as a result, the Funds took action to pursue collections of the full Judgment amounts as well as additional sums due.

5. To avoid additional litigation, the parties agreed to the entry of a Supplemental

Judgment Order ("Supplemental Judgment") against the Defendants, jointly and severally, which covered the balance of the Judgment Amount, contribution delinquencies for April 2006 through June 2006, interest, liquidated damages and attorneys fees and costs, totaling $153,077.24.

6. As a term of the Supplemental Judgment, the Defendants agreed that if they failed to abide by the terms of the judgment, the Funds could immediately take action to collect any delinquencies.

7. Defendants again failed to remain current, which led to the Funds to take supplemental action, including filing third party citation liens to collect on the Judgment.

8. On September 26, 2006, a Second Agreed Supplemental Judgement Order ("Second Supplemental Judgment") was entered, covering delinquencies owed for July and August 2006 plus the balance of the prior Supplemental Judgment. The Second Supplemental Judgment, by its terms incorporated all terms from the prior Judgment, including the Defendants agreement that if the Defendants failed to timely submit contribution reports and/or fringe benefit contributions to the Funds as they are due, the Funds may immediately take further supplemental action to collect any delinquencies owed to the Funds including any additional interest that has accrued and attorneys' fees and costs incurred by the Funds in collecting those amounts.

9. Since the entry of the Second Supplemental Judgment, the Funds have received payments of $63,881.40 from William Ryan Homes, Inc., and $33,577.500 from Thrush Construction, Inc., both of which were pursuant to a third party citation that was previously served upon each Company, to be applied to the Second Supplemental Judgment amounts owed, leaving a balance of $64,346.18 (which remains unpaid) as follows:

| | |
|---|---|
| Balance of Supplemental Judgment Amount | $ 54,041.17 |
| Contributions (07/06-8/06) | $ 87,814.37 |
| Liquidated Damages (10%) | $ 8,781.44 |
| Interest | $ 1,983.23 |
| Laborers District Council Dues | $ 6,336.92 |
| Attorneys' fees and costs | $ 2,847.95 |
| **Second Judgment Amount:** | **$161,805.08** |
| Payment | ($63,881.40) |
| Payment | ($33,577.50) |
| **Balance Due on Second Judgment** | **$ 64,346.18** |

10. Additionally, despite demand being duly made, the Defendants have failed to remit fringe benefit contributions owed for the period of September 2006 through November 2006.

11. The Company has verbally represented that it has no work to report to the Funds for the months of December 2006 through March 2007.

12. Under the collective bargaining agreement (the "Agreement") between the Defendant Company and the Construction & General Laborers' District Council of Chicago & Vicinity (hereinafter the "Union"), the Defendant Company is required to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health and welfare, pension pensions benefits and deductions and contributions for Affiliated Organizations.

13. As set forth in the Agreement, an Employer's delinquency in dues and ancillary fund contributions incur liquidated damages in the amount of 10% of the delinquent contributions owed.

14. Under the Funds' respective Trust Agreements, once a lawsuit is filed, an Employer's delinquency in fringe benefit contributions incurs liquidated damages of 20% of the delinquency contributions owed and ERISA requires the awarding of such liquidated damages. 29 U.S.C. § 1132 (g)(2)(C)(ii).

14. Based on the reports remitted for the period of September 2006 through November 2006, the amounts due to the Funds for delinquent fringe benefit contributions and dues are as follows, not including attorneys' fees and costs:

|  |  |
|---|---|
| Contributions (9/06) | $ 17,826.00 |
| Liquidated Damages (9/06) | $ 1,782.60 |
| Dues/LDs (9/06) | $ 1,297.58 |
| Additional Contributions (10/06-11/06) | $ 29,742.17 |
| Liquidated Damages (10/06-11/06) | $ 2,974.22 |
| Dues/LDs (10/06-11/06) | $ 2,157.75 |
| Additional interest (9/06-11/06) | $ 1,467.59 |
| **Total:** | **$ 57,247.91** |

See Group Exhibit "A" Work Reports for 09/06 through 11/06

15. Based on the amount of work Plaintiffs' counsel has completed since the entry of the Second Supplemental Judgment Order and the work Plaintiffs' counsel anticipates doing in the future, Plaintiffs have incurred or will incur attorneys' fees and costs in the amount of $13,533.58. See Exhibit "B" Affidavit of Michele M. Reynolds.

16. Accordingly, Plaintiffs are entitled to recover the total amount of $131,452.73 for all delinquent amounts thru 11/06 and reasonable attorneys' fees and costs, as follows:

|  |  |
|---|---|
| Balance of Supplemental Judgment Amount | $ 54,041.17 |
| Contributions (07/06-8/06) | $ 87,814.37 |
| Liquidated Damages (10%) | $ 8,781.44 |
| Interest | $ 1,983.23 |
| Laborers District Council Dues | $ 6,336.92 |
| Attorneys' fees and costs | $ 2,847.95 |
| **Second Judgment Amount:** | **$161,805.08** |
| Payment | ($63,881.40) |
| Payment | ($33,577.50) |
| **Balance Due on Second Judgment** | **$ 64,346.18** |
| Contributions (9/06) | $ 17,826.00 |
| Liquidated Damages (9/06) | $ 1,782.60 |
| Dues/LDs (9/06) | $ 1,297.58 |
| Additional Contributions (10/06-11/06) | $ 29,742.17 |

| | |
|---|---|
| Liquidated Damages (10/06-11/06) | $ 2,974.22 |
| Dues/LDs (10/06-11/06) | $ 2,157.75 |
| Additional interest (9/06-11/06) | $ 1,467.59 |
| Additional Attorneys fees/costs | $ 13,533.58 |
| **Third Supplemental Judgment Amount:** | **$135,127.67** |

17. The Plaintiffs have served third-party citation to discover assets upon multiple third-party respondents in efforts to collect the remaining balance of the Second Agreed Supplemental Judgment. Spathies Construction Corp. and William Ryan Homes, Inc., have answered the third-party citations and are holding money belonging to the Company and the Parties have agreed that money should be turned-over to the Plaintiffs as set forth in the proposed agreed judgment and turn-over order. (Group Exhibit C).

18. William Ryan Homes, Inc., has answered the third-party citation previously served upon it that it is currently holding $31,088.40 from the Defendants' account pursuant to the citation lien.

19. Spathies Construction Corp., has answered the third-party citation previously served upon it that it is currently holding $66,440.84 from the Defendants' account pursuant to the citation lien.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request this Court to enter a Third Supplemental Judgment against Defendants IBARRAS CEMENT CO., INC.'s and LEONARDO IBARRA's, individually and doing business as IBARRAS CEMENT CO., INC., in the form provided in the attached proposed Third Supplemental Judgment & Turn-Over Order, in the amount of **$135,127.67** and order Spathies Construction Corp. and William Ryan Homes, Inc., to turn-over to the Plaintiffs, amounts held belonging to the Defendants.

                Respectfully submitted,

                <u>/s/Michele M. Reynolds</u>
                Michele M. Reynolds
                One of Plaintiffs' Attorneys

Michele M. Reynolds
J. Peter Dowd
Justin J. Lannoye
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361