IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, JOSEPH MANN, TOBY KOTH and GORDON ANDERSON as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> IBARRAS CEMENT CO., INC., and LEONARDO IBARRA, individually and d/b/a IBARRAS CEMENT CO., INC., <br><br> Defendants. | Case No.: 05 C 6585 <br><br> Judge: Hibbler |

## MOTION FOR ENTRY OF FIFTH SUPPLEMENTAL JUDGMENT AGAINST IBARRAS CEMENT CO., INC AND TURN OVER ORDER DIRECTED AT TICOR TITLE.

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, JOSEPH MANN, TOBY KOTH and GORDON ANDERSON as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, and in support of their Motion for Entry of Fifth Supplemental Judgment Order Against Ibarras Cement Co., Inc. and Turn Over Order Directed at Ticor Title, state as follows:

1.      This matter was brought before this Court on the Funds' claim against Defendants, IBARRAS CEMENT CO., INC. (the "Defendant Company") and LEONARDO IBARRA, individually and doing business as IBARRAS CEMENT CO., INC. ("IBARRA")(collectively the "Defendants"), for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. § 1145, and for delinquent union dues and industry fund contributions enforceable under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2.      The Funds filed a complaint on November 18, 2005, requesting that (1) the Defendant Company pay to Plaintiffs all delinquent contributions and unpaid dues to date, all accrued delinquencies after the filing of this suit, interest, liquidated damages and reasonable attorneys' fees and court cost; (2) the Defendant Company file with the Funds monthly contribution reports listing the employees, hours worked and contributions due to each Fund and the Affiliated Organizations; and (3) for such other legal and equitable relief as the Court deems just and proper.

3.      On March 20, 2006, the Court entered a judgment in this matter in the amount of $222,608.50 ("First Judgment"). Supplemental judgment orders were entered on August 2, 2006 ("Supplemental Judgment"), September 27, 2006 ("Second Supplemental Judgment"), March 21, 2007 ("Third Supplemental Judgment"), and February 19, 2008 ("Fourth Supplemental Judgment") in the amounts of $153,077.24, $161,805.08, $135,127.67, and $43,467.57 respectively.

4.      The Defendants did not voluntarily pay anything towards the satisfaction of the Fourth Supplemental Judgment against them.

5.      As a result, the Funds initiated supplemental proceedings to collect on the Fourth Supplemental Judgment Order. Although the Defendant Company has now been involuntarily dissolved by the Secretary of State this motion is seeking relief from the corporation, which the

Funds have discovered, still has assets owed to it by third parties and the amounts being pursued are related to claims incurred prior to the Company's dissolution.

5. Pursuant to a Third Party Citation to Discover Assets and a subsequent Turn Over Order dated April 4, 2007, the Funds recovered from a third party respondent, M & L Concrete, Inc., two trucks previously belonging to the Defendant Company. The values of those trucks are presently unknown but any proceeds to be received from the auction of those trucks are not expected to be significant and the value will be offset by the costs incurred in obtaining Titles and keys which the Defendant did not produce, as well as auction fees and legal costs. Other trucks and trailers ordered to be turned over to the Plaintiffs have not been located and M & L Concrete, Inc.'s President has not appeared or been located by the US Marshals despite diligent and costly attempts by the Funds.

6. Despite the amounts and assets the Plaintiffs have recovered or are likely to recover, a large portion of the Fourth Supplemental Judgment remains unpaid. Additionally, since the entry of the Fourth Supplemental Judgment Order, the Funds have incurred substantial attorneys' fees and costs as a result of its efforts to collect on the Fourth Supplemental Judgment as well as to seek the Defendant Company's, its representatives' and related parties' compliance with the Orders of this Court.

7. The Defendant Company is liable to pay these supplemental fees and costs the Funds have incurred pursuant to ERISA §502(g), the Company's Labor Agreement, and the Funds' Trust Agreement.

8. As reflected in the attached Affidavit of Michele Reynolds, the Plaintiffs have incurred a total of approximately $87,157.34 in attorneys' fees and costs in this matter, which includes attorneys' fees and costs previously included in the March 20, 2006, August 2, 2006, September 27, 2006, March 21, 2007, and February 19, 2008 Judgment Orders totaling $69,270.67.

As of the filing of this motion, the Plaintiffs have recovered $44,707.21 from the Defendant Company's assets toward the satisfaction of the attorneys' fees and costs, leaving $42,450.13 in fees and costs unpaid.

9. The substantial fees and costs incurred in this matter are the result of Defendant's intentional actions and inactions, including failing to comply with the Court's orders regarding the turn-over of equipment, some of which was discovered by the US Marshals hidden at the home of the Defendant Company's president.

10. Plaintiffs have had to go to substantial lengths to discover and collect the assets of the Defendant Company, without any cooperation by the Defendant Company, resulting in great expense to the Funds.

11. Based on the substantial work Plaintiffs' attorneys have completed since the entry of the Fourth Supplemental Judgment and the work Plaintiffs' attorneys anticipate doing in the future, Plaintiffs have incurred or will incur supplemental attorneys' fees and costs in the amount of $43,250.13 that have not been recovered. See Affidavit of Michele M. Reynolds, Exhibit "A" attached hereto and made a part hereof.

12. Accordingly, Plaintiffs are entitled to a fifth supplemental judgment for attorneys fees and costs in the amount of $18,686.67 and to recover the total amount of $43,250.13 for the supplemental attorneys' fees and costs related to this cause and for all other amounts still owed as a result of the February 19, 2008 Fourth Supplemental Judgment Order.

13. On March 19, 2009, the District Court Clerk issued a Third-Party Citation to Discover Assets against Ticor Title Insurance Co. ("Ticor Title"), based on the Fourth Supplemental Judgment, which the Funds served on Ticor Title, on or about March 19, 2009 via certified mail (See Exhibit "B") regarding any amounts it was holding due and owing to the Defendant Ibarra Cement

Co., Inc. (the "Judgment Debtor"). The Funds have recovered only a portion of the $69,270.67 total attorneys' fees and costs awarded by the Court, plus additional fees and costs have been incurred by the Funds since entry of the Fourth Supplemental Judgment Order.

14. Notice of the Third-Party Citation was served on the Judgment-Debtors within three business days of service of the citation on Ticor Title. (See Exhibit "C").

15. On April 6, 2009, Ticor Title answered the Third-Party Citation admitting that it was holding $78,524.37 belonging to the Defendant Company. ( A copy of the relevant portion of the Citation Answer is attached as Exhibit "D"). Ticor Title is continuing to hold these amounts belonging to the Defendant Company.

16. The Plaintiffs also have a valid, perfected security interest in all of the Defendant Company's account receivables, which includes amounts Ticor Title is holding belonging to the Defendant Company.

17. In pertinent part, Rule 69(a) of the Federal Rules of Civil Procedure states:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceeding on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, . . .

18. Pursuant to the practice and procedure of the State of Illinois, citation proceedings in aid of and to execute on judgments require persons to hold property subject to the order of this Court:

> To the extent of the amount due upon the judgment and costs, the garnishee shall hold, subject to the order of the court any non-exempt indebtedness or other non-exempt property in his or her possession, custody or control belonging to the judgment debtor or in which the judgment debtor has any interest. 735 ILCS § 5/12-707(a).

19. Furthermore, pursuant to Illinois practice and procedure, this Court has the power to

order a turnover or delivery of the property in Ticor Title's possession:

> If a garnishee refuses or neglects to deliver property in his or her possession when ordered by the court or upon request by the officer holding a certified copy of the judgment for enforcement thereof against the judgment debtor, the garnishee may be attached and punished for contempt. 735 ILCS § 5/12 - 715.

20. 735 ILCS § 5/2 - 1402(c)(4) provides that the court may:

> Enter any order upon or judgment against the person cited that could be entered in any garnishment proceeding.

21. Plaintiffs anticipate, absent any dilatory actions by representatives of the Defendant Company, that if the Court grants this motion, it will be the final supplemental motion filed by the Plaintiffs in this case, as collection of the $43,250.13 from Ticor Title will satisfy all amounts owed to the Funds by the Defendant Company.

WHEREFORE, the Funds respectfully request that this Court enter a Fifth Supplemental Judgment against Ibarras Cement Co., Inc. in the amount of $18,686.67 and enter a turnover order in the form of the attached proposed order, directing Ticor Title to turn over to the Funds the amount of $43,250.13 that it is holding from the account of Defendant Ibarras Cement Co., Inc. in satisfaction of the Fourth Supplemental Judgment and Fifth Supplemental Judgment.

Respectfully submitted,

/s/Michele M. Reynolds
Michele M. Reynolds
One of Plaintiffs' Attorneys

J. Peter Dowd
Robert E. Bloch
Michele M. Reynolds
Justin J. Lannoye
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361